UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. ZITO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEITH HOLLAND,<br><br>　　　　Defendant. | Case No. 2:24-cv-02205-DAD-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

Plaintiff Thomas J. Zito, proceeding without the aid of counsel, filed this action on August 15, 2024 against Defendant Keith Holland.[1] (ECF No. 1.) Plaintiff paid the filing fee and was provided a summons and initial scheduling order. (*See* ECF Nos. 1, 2, 3.) The initial scheduling order stated:

> Plaintiff shall complete service of process on all Defendants named in the complaint within 90 days from the date of this order. Plaintiff shall provide <u>each</u> Defendant with a copy of (i) the summons; (ii) the complaint; (iii) this order; and (iv) the Consent to Assignment or Request for Reassignment information.
>
> <u>Within 10 days after service of process on a given Defendant, Plaintiff(s) shall file with the Clerk a certificate stating that the Defendant was served under Rule 4.</u>

---

[1] This case is assigned to the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

(ECF No. 3 at ¶ 2.) Despite this order, the record does not reflect that Plaintiff has attempted proper service on Defendant. (*See* Docket.)

In the initial scheduling order, the Court cautioned Plaintiff that this case may be dismissed if service of process is not accomplished within 90 days. (ECF No. 3 at ¶ 2b.) On January 10, 2025, the Court issued an order to show cause ordering Plaintiff to indicate the status or service or explain why Defendant has not been served. (ECF No. 4.) This extended deadline has long since passed without a response from Plaintiff. Thus, the Court recommends dismissal for failure to prosecute.

**I.     LEGAL STANDARDS**

   **A.     Involuntary Dismissals under Rule 41(b)**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

   (3) the risk of prejudice to the defendant(s);

   (4) the availability of less drastic alternatives; and

   (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

  B. <u>Dismissals under Rule 4(m) for Failure to Serve</u>

Rule 4(m) of the Federal Rules of Civil Procedure states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Related factors exist for dismissals for insufficient service of process: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

**II. DISCUSSION**

  Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

  As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued an order to show cause on January 10, 2025, which ordered Plaintiff to inform the Court of the status of service or show good cause why Defendant has not been served. (ECF No. 4.) The Court also warned Plaintiff that failing

to respond to the order or to show good cause for the lack of service of process will result in the dismissal of Plaintiff's case. Plaintiff filed this case in August 2024 and has had ample opportunity to serve Defendant. Since filing his Complaint, Plaintiff has not participated in his case. The Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

The factors for dismissals for insufficient service of process also warrant dismissal. *See In re Sheehan*, 253 F.3d at 512. Defendant has not been served and has not participated in this action. While the risk of prejudice to Defendant is somewhat minimal as discussed above, Plaintiff would suffer no prejudice from dismissal, as it is Plaintiff's lack of action in his own case that is prompting dismissal.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); *see also Townsel v. Contra Costa County*, 820 F.2d 319, 321 (9th Cir. 1987) (affirming dismissal of claims for insufficient service of process, noting that the deadline to serve defendants had passed and that statute of limitations had run, effectively making the dismissal with prejudice); *see also, e.g., Rowell v. Ewing Bros. Towing Co.*, 471 Fed. Appx. 597, 599 (9th Cir. 2012) ("The district court did not abuse its discretion in dismissing [plaintiff's] claims against [defendant] for failure to serve, because [plaintiff] did not show good cause for why he did not take steps to correct deficiencies in service once [defendant] notified him that it had not been properly served.").

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and
2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, zito.2205.24